
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA ELA CALDWELL                                                      PLAINTIFF

vs.                              Civil No. 2:10-cv-02140

MICHAEL J. ASTRUE                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cynthia Ela Caldwell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her DIB application on March 19, 2007. (Tr. 43, 79-86). In her application, Plaintiff alleged she was disabled due to carpal tunnel syndrome, osteoarthritis, and tendonitis. (Tr. 97). Plaintiff alleged an onset date of November 15, 2006. (Tr. 43, 97). This application was denied initially and again on reconsideration. (Tr. 38-39). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 60-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

61). An administrative hearing was held on August 19, 2008 in Clarksville, Arkansas. (Tr. 12-37). Plaintiff was present and was represented by counsel, Iva Gibbons, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.*

On January 9, 2009, the ALJ entered an unfavorable decision on Plaintiff's DIB application. (Tr. 43-50). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 45, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2006, her alleged onset date. (Tr. 45, Finding 2). The ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome/tendonitis and osteoarthritis/degenerative joint disease of the knees. (Tr. 45, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 46, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 46-48, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent she alleged disabling limitations. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb and frequently balance, stoop, kneel, crouch and crawl, as well as handle and finger. The claimant can also perform unskilled work.

*Id.* "Light work" includes the following:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.

> To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit of long periods of time.

20 C.F.R. § 404.1567(b).

In this opinion, the ALJ evaluated Plaintiff's age and education. (Tr. 48-49, Findings 7-8). The ALJ determined Plaintiff was fifty-two (52) years old and was categorized as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) on her alleged disability onset date. (Tr. 48, Finding 7). The ALJ also determined Plaintiff had "at least a high school education" and was able to communicate in English. (Tr. 49, Finding 8).

The ALJ evaluated Plaintiff's PRW and determined her PRW included work as a painting contractor's helper (medium, semi-skilled). (Tr. 48, Finding 6). Based upon her RFC, the ALJ determined Plaintiff was unable to perform this PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 49-50, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a hypothetical question from the ALJ that an individual with Plaintiff's limitations retained the ability to perform other work such as a fast food worker (with 19,000 such jobs in the regional economy and 2,600,000 in the national), production worker in assembly (with 7,000 such jobs in the regional economy and 505,000 in the national), and cleaner or maid (with 900 such jobs in the regional and 100,000 in the national). Based upon this testimony, the ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from November 15, 2006 through the date of his decision or through January 9, 2009. (Tr. 50, Finding 11).

Subsequent to the ALJ's decision, on January 15, 2009, Plaintiff requested that the Appeals

Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On July 27, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 16, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 9, 2010. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims the following: (1) the ALJ failed to properly develop the evidence in the record; (2) the ALJ failed to consider evidence which fairly detracted from his findings; (3) the ALJ failed to apply the proper legal

standards when evaluating her subjective complaints, the weight of her physician's opinions, and her RFC; and (4) the ALJ failed to satisfy his burden of proof at Step Five of the sequential evaluation process. ECF No. 8 at 1-20. Because this Court finds the ALJ improperly assessed Plaintiff's RFC, this Court will only address her third argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, the ALJ found Plaintiff retained the capacity to perform light work with only the following restrictions: "[Plaintiff can only] occasionally climb and frequently balance stoop, kneel, crouch and crawl, as well as handle and finger." (Tr. 46, Finding 5). Notably, the ALJ did not

find Plaintiff had any restrictions due to her carpal tunnel syndrome. *Id.* The ALJ made this determination despite the fact Plaintiff had previously undergone surgery in January of 2005 for her carpal tunnel syndrome (Tr. 164), and her medical records demonstrated she continued to suffer from limitations even after that surgery.

For instance, on February 16, 2007, Plaintiff reported pain due to her carpal tunnel syndrome and reported having problems "dropping things." (Tr. 158). Indeed, the ALJ even noted this finding in his opinion: "the claimant's carpal tunnel syndrome (found in February 2007 to *be only related to dropping of items,* with no findings of numbness/tingling)." (Tr. 48) (emphasis added).

Further, on October 8, 2007, Plaintiff was evaluated by Dr. Ted Honghiran, M.D., F.A.C.S. as a part of consultative examination. (Tr. 234-235). During this evaluation, Dr. Honghiran found the following: "[s]he should be able to do some office work that she used to do, but she may have some difficulty in typing and operating a computer because of her carpal tunnel syndrome." (Tr. 235). The ALJ also noted Dr. Honghiran's findings in his opinion: "she would likely have difficulty working on a computer as a result of some hand weakness." (Tr. 48).

Defendant claims the ALJ included these limitations in the hypothetical he provided to the VE. ECF No. 9 at 12-13. Defendant argues, "It is important to note that, although Dr. Honghiran opined that Plaintiff would have some difficulty typing and operating a computer because of the CTS, the jobs that the VE identified, fast food worker, assembly production, and housekeeper/maid, do not involve the use of a computer." *Id.* However, even though the ALJ noted Plaintiff's limitations due to her carpal tunnel syndrome in his opinion, the ALJ *did not* include in his RFC assessment that Plaintiff would have difficulty working on a computer due to her hand weakness or may have related

limitations.² (Tr. 46-48, Finding 5).

Further, his hypothetical to the VE included no such limitation or any indication Plaintiff would have problems with fine manipulation of objects:

> Q: Okay. Okay. Thank you. Let me give you my first hypothetical. Please assume an individual who is closely approaching advanced age with a high school education who can lift and carry 20 pounds occasionally and ten pounds frequently. And individual can sit for a total of six hours during an eight hour work day, stand and walk for a total of six hours during an eight hour work day. Individual can occasionally climb and frequently balance, stoop, kneel, crouch and crawl. Individual can frequently handle and finger, individual can perform unskilled work. Do you understand the hypo as it's posed?
>
> A: Yes, sir, I do.
>
> Q: I'm assuming the hypothetical precludes the Claimant's past relevant work based upon the fact it's unskilled as light.
>
> A: Well the other–I had her classified as medium.
>
> Q: Right.
>
> A: Okay.
>
> Q: So that would preclude her past relevant work?
>
> A; It would preclude her work, but the hypothetical you have given would be fore [for] a light unskilled person.
>
> Q: Correct.
>
> A: Yes.
>
> Q: Okay. Are there jobs in the national economy that this individual could perform?
>
> A: Based on the hypothetical you have presented for a light, unskilled worker, there are a number of light, unskilled jobs in the national and state economy.

---

² Presumably, if Plaintiff were unable to use a computer, she would also have a certain level of limitation in fine dexterity.

8

> And I will give you a sampling of some jobs that would be available . . . .

(Tr. 33-34).

Indeed, because the ALJ did not consider those limitations due to Plaintiff's carpal tunnel syndrome, it appears Defendant is merely surmising that the jobs identified–fast food worker, assembly production, and housekeeper–do not involve the use of a computer or do not involve the fine manipulation skills that would be required to use a computer.  Accordingly, because the ALJ did not include any limitations due to Plaintiff's carpal tunnel syndrome in his RFC evaluation or in his hypothetical to the VE, this Court is unable to determine whether the jobs identified would be precluded if Plaintiff were unable to use a computer or unable to perform the same fine manipulation required to use a computer.  Accordingly, this Court finds the ALJ's RFC assessment and disability determination are not supported by substantial evidence in the record and must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of October, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE